## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GUY LAMONT BROOKS, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-15-534 |
| STATE OF MARYLAND'S CIRCUIT COURT'S JUDGE REVIEW, | * | |
| Respondent | * | |
| | *** | |

## **MEMORANDUM**

Guy Lamont Brooks, the self-represented petitioner, is involuntarily committed to the Spring Grove Hospital Center. ECF Nos. 1 & 3.[1]  Petitioner is in state custody because his mental illness renders him unable to stand trial.[2]  Thus, his petition shall be considered under 28 U.S.C. § 2241.[3]

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224– 26 (5th Cir. 1987).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state

---

[1] Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

[2] *See State v. Brooks*, Case Number 113284002, Circuit Court for Baltimore City; http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

[3] The petition was docketed as a habeas petition filed pursuant to 28 U.S.C. § 2254. The Clerk shall be directed to amend the docket accordingly.  Had petitioner been convicted of criminal charges, he could challenge the validity of such conviction in this court by way of a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.

procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. *See* Md. Code, Health Gen. Article, § 10-805(a) and (b). Denial of an application for release may be appealed. *See id.,* § 10-805(h). Petitioner has not challenged his commitment order in state court.[4] Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief).

Petitioner's claims that he is illegally confined may be litigated in a state forum without harm to petitioner's constitutional rights. Accordingly, his habeas petition shall be dismissed, without prejudice.

A separate Order follows.

Date: March 17, 2015 _____/s/_____
Ellen L. Hollander
United States District Judge

---

[4] The court has reviewed the Maryland Case Search database and there is no indication that petitioner has filed any state proceedings challenging his commitment. *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.